UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANDREW DICKERMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:24-cv-00537-JPH-MKK |
| | ) |
| TRICIA PREPORIUS Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS**

Petitioner Andrew Dickerman challenged the revocation of his parole in state court cause number 02D04-2401-FC-70. Respondent moved to dismiss the petition on December 27, 2024, on the basis that Mr. Dickerman had not exhausted his state court claims and his petition was bound to become moot due to his pending release from incarceration. Dkt. 13. Because Mr. Dickerman has failed to exhaust his state court remedies, his petition is **denied without prejudice**.

I.      Factual and Procedural Background

On February 15, 2024, Mr. Dickerman pleaded guilty to level 6 felony resisting law enforcement and was sentenced to two years' imprisonment, all suspended to probation. Dkt. 13-1 at 5-6.

A petition to revoke probation was filed on March 19, 2024. *Id.* at 6. On April 8, 2024, after a contested hearing, the trial court found that Mr. Dickerman had violated the terms of his probation and ordered him to serve the full two-year suspended sentence *Id.* at 8. Mr. Dickerman filed a notice of appeal. Dkt.

1

13-2 at 1. Mr. Dickerson attempted to file a brief on July 26, 2024, but the brief was defective. Dkt. 13-2 at 2–3, dkt. 13-3. On October 2, 2024, Mr. Dickerman sent a letter to the appellate court asking that his appeal be dismissed. Dkt. 13-2 at 4; dkt. 13-4. The Court of Appeals of Indiana granted his request on October 18, 2024. Dkt. 13-5. Despite the appeal being dismissed at his request, Mr. Dickerman filed a letter requesting transfer to the Indiana Supreme Court on November 6, 2024. Dkt. 13-2 at 4; dkt. 13-6. The clerk treated it as a petition to transfer and issue a notice of defect. Dkt. 13-2 at 5. Mr. Dickerman did not cure the defect, and the Court of Appeals closed the appeal on January 30, 2025. *See* Case Summary, 24A-CR-01105, available at mycase.in.gov.

On November 15, 2024, Mr. Dickerman filed a petition for habeas relief with this Court, challenging the revocation of his probation. Dkt. 1. Respondent filed a motion to dismiss on December 27, 2024, arguing that Mr. Dickerman had not exhausted his state court remedies and the petition was likely to become moot upon his release in January. Dkt. 13.

Sometime in mid-January 2025, Mr. Dickerman was released from IDOC custody. Dkt. 20. Mr. Dickerman filed a motion for court assistance on January 27, 2025, requesting to be released from parole. Dkt. 21.

## II. Discussion

### A. Mootness

The Court first determines whether it has jurisdiction over the petition in light of Mr. Dickerman's release from IDOC. "A case becomes moot [and the federal courts lose subject matter jurisdiction] when it no longer presents a case

2

or controversy under Article III, Section 2 of the Constitution. 'In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). "[A] federal court at any stage of the proceedings must, on its own, dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004).

A habeas action is not necessarily mooted when the petitioner is released from incarceration so long as he continues to suffer a "collateral consequence" of the conviction. *Eichwedel,* 700 F.3d at 278 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Mr. Dickerman has been released from IDOC but remains on parole. "Because parole is a form of custody, a case that could shorten a former prisoner's term of parole is not moot." *Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 575 (7th Cir. 2022). Here, Mr. Dickerman's sentence has not expired; he merely has been released on parole. Therefore, the Court finds that the petition is not moot.

### B. Exhaustion

The Court turns next to Respondent's argument that Mr. Dickerman has not exhausted his state court remedies. "To protect the primary role of state

3

courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). However, there is an exception to the exhaustion requirement. "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

According to the case summary in 24A-CR-01105, Mr. Dickerman's direct appeal of his probation revocation was deemed closed on January 30, 2025, after he failed to cure the defects noted by the Court. In Mr. Dickerman's motion for court assistance, he seemingly argues that state court remedies are unavailable. Dkt. 21 at 1 ("I have continued to write Allen County Court to satisfy the Indiana Appeal requirements of being a poor [person] to file prose."). That Mr. Dickerman has failed to successfully reopen his direct appeal does not mean that such remedies have become unavailable. Rather, the exception to exhaustion only exists when the State has caused an inordinate delay in resolving a state court post-conviction proceeding. *See, e.g. Evans v. Wills*, 66 F.4th 681, 685 (7th Cir. 2023) (excusing exhaustion requirement where post-conviction petition had been pending for over twenty years in large part due to state's delay in disclosing discovery).

Furthermore, the Court takes judicial notice of the case summary in case 02D06-2410-PC-000057, which reflects that Mr. Dickerman filed a petition for post-conviction relief challenging his conviction in Indiana case number 2D04-2401-F6-000070. That petition remains pending to date. Accordingly, it is clear that Mr. Dickerman has not exhausted his available state court remedies, and that those remedies remain available to him.

Finally, the Court concludes that there is no reason to issue a stay because Mr. Dickerman's statute of limitations has not yet begun to run. Accordingly, the respondent's motion to dismiss, dkt. [13], is **granted**, and this action is dismissed without prejudice for failure to exhaust. Mr. Dickerman's motion for court assistance, dkt. [21], is **denied** because he must exhaust state court remedies before seeking relief in this Court.

### III. Conclusion

Respondent's motion to dismiss, dkt. [13], is **granted**, and Mr. Dickerman's petition for a writ of habeas corpus is **dismissed without prejudice** for failure to exhaust. Mr. Dickerman's motion for court assistance, dkt. [21], is **denied**.

Because no reasonable jurist would disagree with the Court's resolution of this action, no certificate of appealability shall issue. 28 U.S.C. § 2253(c).

Final judgment shall enter by separate order.

**SO ORDERED.**

Date: 8/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREW DICKERMAN
432 West Pleasant Street
Churubusco, IN 46723

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov